IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

KEVIN RAY HORTON                         §
(TDCJ No. 1732826),                      §
                                         §
                   Petitioner,           §
                                         §
V.                                       §          No. 3:15-cv-96-K-BN
                                         §
LORIE DAVIS, Director                    §
Texas Department of Criminal Justice,    §
Correctional Institutions Division,[1]   §
                                         §
                   Respondent.           §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Kevin Ray Horton, a Texas inmate, proceeding *pro se*, has filed an

application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action has

been referred to the undersigned United States magistrate judge for pretrial

management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from

United States District Judge Ed Kinkeade. The undersigned issues the following

findings of fact, conclusions of law, and recommendation that the Court should deny

the habeas application with prejudice as time-barred.

**Applicable Background**

Horton challenges one of his four 2011 state convictions for aggravated robbery

---

[1] Lorie Davis has succeeded William Stephens as Director of the Texas
Department of Criminal Justice, Correctional Institutions Division, and, as his
successor, she is "automatically substituted as a party." FED. R. CIV. P. 25(d).

with a deadly weapon. *See State v. Horton*, No. F-1170923-R (265th Jud. Dist. Ct.,
Dallas Cnty., Tex. Aug. 2, 2011). He was sentenced to a total term of 15 years'
imprisonment. He failed to file a direct appeal, at least as to the conviction he currently
challenges in this Court. *See* Dkt. No. 3 at 3. And he did not file the applicable state
habeas petition until August 2014, *see Ex parte Horton*, W11-70923-R(A), which
petition the Texas Court of Criminal Appeals (the "CCA") denied without written order
on the findings of the trial court without a hearing, *see Ex parte Horton*, WR-82,247-01
(Tex. Crim. App. Oct. 22, 2014).

Horton filed his Section 2254 application in January 2015.

## Legal Standards

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")
establishes a one-year statute of limitations for federal habeas proceedings brought
under 28 U.S.C. § 2254. *See* Antiterrorism and Effective Death Penalty Act of
1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the
latest of:

> (A)    the date on which the judgment became final by the conclusion of
> direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created
> by State action in violation of the Constitution or laws of the United
> States is removed, if the applicant was prevented from filing by such
> State action;
>
> (C)    the date on which the constitutional right asserted was initially
> recognized by the Supreme Court, if the right has been newly recognized
> by the Supreme Court and made retroactively applicable to cases on
> collateral review; or

> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2). The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *See, e.g.*, *United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)).

> "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks and citation omitted). "[T]he principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). Unfamiliarity with the legal process does not justify equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

*United States v. Kirkham*, 367 F. App'x 539, 541 (5th Cir. 2010) (per curiam).

But "a litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). The United States Supreme Court recently reaffirmed "that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Id.* at 756 (emphasis in original).

The Supreme Court also has determined that the AEDPA statute of limitations can be overcome by a showing of "actual innocence." *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). But the actual innocence gateway is only available to a petitioner who presents "'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 1936 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). That is, the new, reliable evidence must be sufficient to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 1928 (quoting *Schlup*, 513 U.S. at 329); *see also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted; emphasis in original)).

## Analysis

Because Horton failed to file a direct appeal, his conviction and sentence imposed on August 2, 2011 became final for limitations purposes 30 days later – on September 1, 2011. *See* TEX. R. APP. P. 26.2(a)(1). The date that Horton declares he placed this federal habeas application in the prison mail system, January 8, 2015, *see* Dkt. No. 3 at 10, is more than two years and four months after September 1, 2012 – one year from the date his conviction and sentence became final for limitations

purposes. And, as Horton's state habeas application was filed after AEDPA's limitations period lapsed, its pendency could not toll that limitations period. *See Richards v. Thaler*, 710 F.3d 573, 576 (5th Cir. 2013) ("Where the applicant files his or her state post-conviction petition after the time for filing a § 2254 application has lapsed, the state petition does not operate to toll the one-year limitations period." (citing *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000))).

The current Section 2254 application is therefore due to be denied as untimely absent some other tolling of the applicable limitations period. But Horton has not carried his burden "to show rare, exceptional, or extraordinary circumstances beyond his control that made it impossible for him to timely" file the Section 2254 application. *Montes v. United States*, Nos. 3:13-cv-1936-K & 3:09-cr-286-K (4), 2014 WL 5286608, at *3 (N.D. Tex. Oct. 15, 2014) (citations omitted).

In his petition, under timeliness, Horton asserts that there was a "delay in obtaining documents from State and Attorney (did not receive)," Dkt. No. 3 at 9, but such a conclusory statement does not begin to explain the lengthy delay in this case, and it certainly does not establish statutory or equitable tolling.

On reply, Horton asserts that he is actually innocent. *See* Dkt. No. 15 at 2-3. But he fails to present evidence of actual innocence "so strong that [this Court] cannot have confidence [in his plea of guilty in this case] unless the court is also satisfied that [the state proceeding] was free of nonharmless constitutional error." *Schlup*, 513 U.S. at 316. Horton also argues in his reply brief that the alleged ineffectiveness of his state trial counsel serves to toll the limitations period. *See* Dkt. No. 15 at 3. This bare

assertion also fails, as "mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified." *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002); *see also United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002) ("Ineffective assistance of counsel is irrelevant to the tolling decision."). Horton's final argument is that he could not file a timely habeas petition because he was prevented from obtaining records to support his claim. *See* Dkt. No. 15 at 3. While such an argument seems related to statutory tolling under Section 2244(d)(1)(D), that provision runs from "the date a petitioner is on notice of the facts which would support a claim, not the date on which the petitioner has in his possession evidence to support his claim." *In re Young*, 789 F.3d 518, 528 (5th Cir. 2015).

## Recommendation

The Court should deny the application for a writ of habeas corpus with prejudice because it is time-barred.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: August 30, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE